**GREYHOUND REAL ESTATE
FINANCE COMPANY**

v.

**Robert J. BOBB and Douglas
Crocker II.**

**No. 90 C 3917.**

United States District Court,
N.D. Illinois, E.D.

Dec. 18, 1990.

See also, 746 F.Supp. 830.

Nathan H. Dardick, Morton Denlow, Carolyn Gallagher Brocksmith, Stuart Gimbel, Dardick & Denlow, Chicago, Ill., for plaintiff.

Miriam F. Miquelon, Keck, Mahin & Cate, Chicago, Ill., for defendants.

ORDER

BUA, District Judge.

Plaintiff Greyhound Real Estate Finance Company loaned a sum of money to Wisconsin Hotel Partners ("Wisconsin Hotel"). Defendants Robert J. Bobb and Douglas Crocker II guaranteed repayment of the loan. Wisconsin Hotel has failed to make certain loan payments. Plaintiff seeks $2,865,775.28 as well as interest, attorneys' fees and court costs from defendants in their capacity as guarantors.

Defendants have filed an answer, which includes affirmative defenses, in response to plaintiff's complaint. Plaintiff now moves to strike defendants' affirmative defenses. For the reasons stated below, plaintiff's motion is granted in part and denied in part.

■ Defendants allege four affirmative defenses. In their first affirmative defense, defendants allege that plaintiff breached its duty of good faith and fair dealing by interfering with business relationships between the hotel and its customers. This allegation contains the essential elements of a breach of contract claim. Therefore, defendants' first affirmative defense is valid. Defendants' fourth affirmative defense also stands. In that defense, defendants allege that plaintiff failed to mitigate. This claim is based on primarily the same allegations as those set out in defendants' first defense. As these allegations adequately plead a defense, plaintiff's motion is denied as to the fourth affirmative defense.

The court dismisses, without prejudice, defendants' other two defenses. Defendants' second affirmative defense is merely a bare bones statement without the legal elements and facts needed to set out a claim. Their third affirmative defense lacks timeliness. Although a case dealing with the same loan matter as the one underlying this case may be pending in state court, a judgment has not been entered in that case. A defense of res judicata or collateral estoppel is not properly brought to this court until a judgment has been rendered in state court upon which the claim may be premised.

Accordingly, defendants' affirmative defenses one and four stand. Defendants' affirmative defenses two and three are dismissed without prejudice.